IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID CUNEO PLAINTIFF

v. CIVIL NO. 26-5112

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, David Cuneo, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). (ECF No. 2). The Defendant filed the administrative transcript on June 30, 2026. (ECF No. 8).

On August 28, 2026, the Commissioner filed an unopposed motion to remand Plaintiff's case pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (ECF No. 16).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript

of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993).

Based on the foregoing, the undersigned recommends granting the Commissioner's unopposed motion to reverse the decision of the ALJ and remanding this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE